UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN LEE HODGE,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

NO. CR. 1-91-0116 WBS

Court of Appeals No. 07-16936

ORDER DENYING CERTIFICATE OF APPEALABLITY

----oo0oo----

This matter is before the court on the Order of Appellate Commissioner Peter L. Shaw to grant or deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c), and Fed. R. App. P 22(b).  The court denies a certificate of appealability for the following reasons.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

This was a "motion to revisit sentence" filed more than fourteen years after defendant was sentenced and the judgment of conviction became final.  Defendant asked the court to recalculate his criminal history category and resentence him using a criminal history category of V instead of VI.  The defendant did not necessarily ask for a different sentence, but

1  sought to be able to obtain certain prison benefits available to
2  inmates with lower criminal history classifications.
3         Specifically, defendant argued that he was incorrectly
4  assessed a criminal history point for a nolo contendere plea,
5  that one point constituted the difference between criminal
6  history V and VI.  However, as this court pointed out in its two
7  written orders addressing defendant's motion, his criminal
8  history correctly counted his nolo contendere plea as a
9  conviction. U.S.S.G. § 4A1.2(a)(1) (1990) (defining "prior
10 sentence" as "any sentence previously imposed upon adjudication
11 of guilt whether by guilty plea, trial, or plea of nolo
12 contendere"); United States v. Govan, 152 F.3d 1088 (9th Cir.
13 1998) (finding no error in assessment of two criminal
14 history points for two nolo contendere pleas).
15        Defendant relied upon United States v. Nguyen, 465
16 F.3d 1128 (9th Cir. 2006) for the proposition that a conviction
17 on a nolo contendere plea cannot be counted as a conviction.
18 However, in Nyugen, the government sought to prove the
19 defendant's commission of one or more crimes by admitting
20 the convictions from proceedings in which he had pleaded nolo
21 contendere.  Id. at 1130.  The Ninth Circuit held that Rule 410
22 of the Federal Rules of Evidence prohibited the government from
23 admitting the convictions just as it barred the admission of the
24 pleas themselves.  Id. at 1131.  In contrast, here the government
25 did not present Hodge's nolo contendere plea at trial to prove
26 his commission of a prior criminal offense.  Instead, the court
27 simply used the plea solely to calculate his criminal history
28 category.  This in no way violated the Federal Rules of Evidence

and was wholly consistent with the definition of a prior sentence under the guidelines.

Although Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the court to provide relief from a judgment where a party can justify it, here Hodge could not justify any relief.

For those reasons, this court denied the relief requested, and for the same reasons denies a certificate of appealability.

IT IS SO ORDERED.

The Clerk shall transmit a copy of this Order, along with the record, to the Clerk of the United States Court of Appeals for the Ninth Circuit.

DATED:   November 8, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE